Bedi v Hyde Park Cent. Sch. Dist. (2019 NY Slip Op 03757)





Bedi v Hyde Park Cent. Sch. Dist.


2019 NY Slip Op 03757


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2017-08783
 (Index No. 5220/14)

[*1]Ritu Bedi, etc., et al., respondents, 
v
Hyde Park Central School District, appellant.


Catania, Mahon, Milligram & Rider, PLLC, Newburgh, NY (Jeffrey S. Sculley of counsel), for appellant.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Dutchess County (Victor G. Grossman, J.), dated July 11, 2017. The order, insofar as appealed from, denied that branch of the defendant's motion which was for summary judgment dismissing so much of the first cause of action as alleged that the defendant failed to provide adequate instruction to the plaintiffs' infant child.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was for summary judgment dismissing so much of the first cause of action as alleged that the defendant failed to provide adequate instruction to the plaintiffs' infant child is granted.
The plaintiffs are the parents of a child (hereinafter the child) who allegedly sustained injuries when he fell from a horizontal-ladder apparatus (hereinafter the monkey bars) at a school playground during a recess period. The defendant school district moved for summary judgment dismissing the complaint. The Supreme Court denied that branch of the motion which was to dismiss so much of the first cause of action as alleged that the defendant failed to provide adequate instruction to the infant, and otherwise granted the motion. The defendant appeals.
The defendant established, prima facie, that even assuming that the child did not receive adequate instruction on the use of the monkey bars, this omission did not proximately cause any injuries to the child because the record showed that the child was properly using the monkey bars at the time of the incident (see generally Derdiarian v Felix Contr. Corp. , 51 NY2d 308, 315). In opposition, the plaintiffs failed to raise a triable issue of fact.
In light of our determination, we need not reach the defendant's remaining contention.
Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was for summary judgment dismissing so much of the first cause of action as alleged that the defendant failed to provide adequate instruction to the child.
BALKIN, J.P., ROMAN, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court